RAWLS *v.* WARREN

No. 39959 March 19, 1956 85 So. 2d 914

*Morse & Morse,* Poplarville, for appellant.

*H. H. Parker,* Poplarville, for appellee.

ROBERDS, P. J.

Warren owns a section and Rawls a half section of land in Pearl River County, Mississippi. The lands adjoin, the west boundary of the Rawls land being the east boundary of the Warren land.

The Poplarville-Ford's Creek public roads run northwesterly and southeasterly across the Warren section. The road is to the west of and does not touch the Rawls land.

Rawls claims that he has the right to go across the Warren land to said public road. He claims that right by virtue of (1) the existence of a public highway extending from the said Poplarville road in a northeasterly direction to about the barn of Rawls situated near the southwest corner of the northwest quarter of the northwest quarter of the Rawls section, and (2) by virtue of a provision in the deeds to Warren and himself, and (3) by implication, or necessity.

The chancellor found (a) that the claimed public road had been abandoned by the county about the year 1921, and that, therefore, no public road existed of which Rawls could avail himself in going across the Warren land to the Poplarville Road, and (b) that Rawls had a private passage easement across the Warren lands, but that this was not by virtue of the provisions in the deeds and, therefore, the right did not attach to any particular way or route, but that it was a private easement by implication and necessity. He further found and adjudicated that Warren, being the servient tenant, was under duty to select a reasonable and fair route across his land and tender that to Rawls for his acceptance or rejection, and, if accepted, that the expense and

cost of constructing and maintaining the way would be upon Rawls.

In compliance with that decree Warren did select and tender a roadway to Rawls. Rawls rejected the tendered way. The chancellor found that the tendered way was fair and practicable and reasonable to all parties and approved it. Rawls appeals here from the foregoing actions of the chancery court.

 ██ He says, first, the chancellor was in error in finding that the road he claims was a public road, affording him an outlet to the Poplarville road, had been abandoned as such about the year 1921. The evidence is ample to sustain the finding of the chancellor on that question, but we do not detail it pro and con, for the reason that Rawls, testifying on the stand, admitted the claimed road was not a public road, and he did not base his right to travel it on the ground it was a public highway. I. C. Rawls, Sr., when on the stand, was asked if he claimed the road in question to be a public road. He answered ''No, sir, its still a public road as far as the records are concerned.'' ''Q. I am not asking you about the records. Are you maintaining the right to use it because it is a public road, or has your claim been based on your rights to use that road as a public road since you bought your property? A. It is not maintained as a public road. Q. Are you maintaining your right to use it as a public road? A. I claim a right to use it because it is the only road leading into my property.'' He then said he didn't know whether it was a public road or not. He said when he filed his answer he thought it was a public road. This question was then asked him ''And now your position is it's because you have to have it to get into your place, a private way of necessity? A. Yes, sir, we have got to have a way to get in there.'' This is an admission both that the barn-way road was not a public road and that Rawls' claim to a right of

way across the Warren land was based upon private necessity.

Rawls claims here that the deeds to himself and Warren vest in Rawls the right to travel what we call the barn-way road. Goodyear Yellow Pine Company was the ultimate grantor in both deeds. They contain this provision: "It is understood and agreed that this contract is made subject to and that any deed given hereunder shall likewise be made subject to any and all public roads as now laid out, maintained or used over said lands." Again, "This conveyance is made subject to any and all public road rights of way over and across said lands * * *." These provisions apply to public roads and public road rights of way. Warren got his deed June 26, 1946, and Rawls got his March 18, 1947. We have already said the proof fully sustained the chancellor in his finding that this barn-road had been abandoned and relinquished as a public highway in 1921.

It had ceased to be a public highway, or a public highway right of way, some twenty-five years before said deeds were executed; besides, as above stated, Rawls, as a witness at the trial, based his right to go across the lands of Warren not upon the barn-way being a public highway but upon his right to a private easement by implication across the Warren lands.

 On the question of the feasibility, fairness and reasonableness of the tendered way, the chancellor not only heard much oral testimony bearing upon that question, which oral testimony fully sustained his findings, but he also personally walked over the premises and inspected the tendered way, the barn-road, and another way an engineer for Rawls had suggested. The parties to this litigation, as well as their counsel, were with him. This examination and inspection was made without objection thereto by any of the parties. No point is raised on this appeal as to that action. We are not confronted with its legality or propriety. The chancellor, after a long and tedious trial and upon evident thorough

and mature consideration of all of the testimony, and the facts disclosed to him by his personal inspection, found, in an unusually able opinion, that the tendered way was fair, just and reasonable to all parties, and was the most feasible and reasonable way open to the litigants under the circumstances. We have not discerned, and able counsel for appellants have not suggested to us, any moving reason why we should reverse the chancellor in the actions taken by him.

Affirmed.

*Hall, Arrington, Ethridge* and *Gillespie, JJ.,* concur.